**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JASON GIAGRANDE,                                         :
                                                        :
                  Plaintiff,                    :
                                                        :    Case No.: 1:24-cv-07325 (MKV)
       v.                                               :
                                                        :
XTM, INC.,                                               :
                                                        :
                Defendant.                 :
                                                        :
-------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW

Plaintiff/Counter-Defendant Jason Giagrande ("Plaintiff" or "Giagrande") respectfully

submits this memorandum of law in response to the Motion to Withdraw (the "Motion") filed by

The Siegal Law Firm, P.C. ("TSLF"), counsel for Defendant/Counter-Plaintiff XTM, Inc.

("Defendant" or "XTM").  Dkt. Nos. 62-64.  Giagrande does not oppose the Motion.  However,

for the reasons set forth below, should the Court grant the motion, Giagrande respectfully

requests an order (1) directing the Clerk of Court to issue a certificate of default against XTM;

(2) dismissing XTM's counterclaims with prejudice; (3) vacating its March 25, 2026 Order

directing Giagrande to produce certain discovery (Dkt. No. 59); and (4) permitting Giagrande to

move for default against XTM.

### BRIEF BACKGROUND

This is an employment action between Giagrande, XTM's former Head of Business

Strategy, and XTM, a Canadian financial technology company.  On September 27, 2024, and as

amended on March 17, 2025 (Dkt. No. 13), Giagrande sued his former employer for breach of

the parties' employment agreement (the "Agreement"), several torts related to XTM's failure to

pay Giagrande's wages, and violations of the New York Labor Law ("NYLL").  XTM responded

1

by, *inter alia*, filing several counterclaims against Giagrande for allegedly abandoning his duties and competing with XTM during his employment.[1]

In February 2026, the parties completed extensive discovery consisting of thousands of pages of document production and two depositions.  See Dkt. No. 51.  On March 25, 2026, the Court ordered a 30-day extension of the discovery deadline related to XTM's counterclaims.  Specifically, the Court ordered Giagrande to produce a limited set of documents concerning his business, Hospitality Farm LLC, "in light of the parties' disputes about . . . whether he abandoned his duties to XTM to pursue his own allegedly competing business."  Dkt. No. 59.

On March 4, 2026, XTM alerted the Court that it had filed an application for bankruptcy in Canada pursuant to the Companies' Creditors Arrangement Act ("CCAA").  Dkt. No. 54.  This Court, however, ruled that the Canadian bankruptcy did not act to stay this action "unless and until [XTM] seeks relief under Chapter 15" of the U.S. Bankruptcy Code.  Dkt. No. 57.  XTM has not filed a proceeding under Chapter 15.  Rather, on April 9, 2026, XTM's counsel TSLF moved to withdraw because "[o]n March 2, 2026, XTM directed that [Defendant's counsel] stop work on the defense of this matter."  Dkt. Nos. 62-64.  Moreover, XTM "no longer wishe[s] to defend this action or have [its counsel] perform any additional work."  Dkt. No. 64 at ¶¶ 7-8; see also Dkt. Nos. 62-63.

## ARGUMENT

### I.  XTM CANNOT PROCEED *PRO SE*

"It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55."  Grace v. Bank Leumi Trust Co. of NY,

---

[1]      Giagrande also alleged that XTM's retaliatory counterclaims violated the NYLL.  On March 16, 2026, this Court dismissed that claim.  Dkt. No. 58.

443 F.3d 180, 192 (2d Cir. 2006) (quoting SEC v. Research Automoation Corp., 521 F.2d 585, 589 (2d Cir. 1975)); see Kaplan v. Bank Saderat PLC, 77 F.4th 110, 116 n.8 (2d Cir. 2023) ("[a] corporation may not appear in federal court *pro se*, and default may enter against a corporate defendant that fails to defend itself in the action by retaining counsel").

Here, XTM's motion, if granted, will leave it without counsel.  XTM, of course, is aware of the consequences.  In 2025, when XTM's prior counsel withdrew, the Court warned XTM that failure to obtain new counsel may result in "the case-terminating sanctions of dismissal for failure to prosecute and default judgment."  Dkt. No. 38.  Nevertheless, XTM seeks to relieve its counsel because it "no longer wishe[s] to defend this action or have [Defendant's counsel] perform any additional work."  Dkt No. 64 at ¶ 8.  As a result, should the Court grant the unopposed motion to withdraw, it should find that XTM has defaulted and direct the Clerk to issue a certificate of default.

## II.     THE COURT SHOULD DISMISS XTM'S COUNTERCLAIM WITH PREJUDICE

Likewise, a corporate entity's affirmative claims are subject to dismissal for failure to prosecute where it is not represented by counsel.  Khmaladze v. Vorotyntsev, No. 1:16 Civ. 8029 (GHW), 2026 WL 861176, at *5 (S.D.N.Y. Mar. 30 2026); see Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute . . . , a defendant may move to dismiss the action or any claim against it.").  Courts have considered five factors in determining whether to dismiss claims for failure to prosecute "by examining whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court;

3

and (5) the trial court adequately assessed the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

As to the first three factors, XTM's issues with representation have already caused delay and XTM has already been warned about the consequences of separating from counsel.  During the summer of 2025, when XTM's prior counsel withdrew, the Court cautioned XTM that failure to obtain new counsel may result in "the case-terminating sanctions of dismissal for failure to prosecute and default judgment." Dkt. No. 38.  The case was effectively stayed for four months until XTM, after requesting an extension of time, was able to secure new counsel.  Now XTM's replacement counsel is seeking to withdraw, and XTM is on a "rapid collision course towards a dismissal of its claims for failure to prosecute, combined with a default judgment on its counterclaims." PowX Inc. Performance Solutions, LLC, No. 24-cv-1389 (MMG), 2026 WL 592251, at *5-6 (S.D.N.Y. Mar. 3, 2026).

As to the fourth and fifth factors, XTM has waived any right to its day in court and no lesser sanction will be effective.  By XTM's own admission, it no longer seeks to participate in this action and, for that reason, has ordered its counsel to stop working.  See Dkt. No. 64 at ¶¶ 7-8.  The only plausible solution here is to dismiss XTM's counterclaims with prejudice.

## III.     THE COURT SHOULD VACATE ITS LIMITED DISCOVERY EXTENSION ORDER AND CLOSE FACT DISCOVERY

Courts are permitted to redefine the scope of discovery after dispositive motions that narrow the viable claims.  See Webb v. Robert Lewis Rosen Associates, Ltd., 128 Fed. Appx. 793, 796-97 (2d Cir. 2005) (affirming lower court's re-determination of discovery scope after award of partial summary judgment).  Here, if the Court dismisses XTM's counterclaims (as it should), there is no longer a need for the Court's March 25, 2026 Order extending limited discovery for another 30 days for Giagrande to produce documents concerning his other

business.  Dkt. No. 59.   The documents sought by Defendant in this limited discovery extension all relate back to XTM's counterclaim, as explained by the Court's order.  Dkt. No. 59 (discussing that the document requests are relevant to "the parties' disputes about whether Giagrande was an independent contractor and whether he abandoned his duties to XTM to pursue his own allegedly competing business, Hospitality Farms").  Without that counterclaim and a proper prosecution by XTM, there is no reason for such a discovery extension.[2]

## CONCLUSION

For the foregoing reasons, Giagrande respectfully requests that the Court issue an order (1) directing the Clerk of Court to issue certificate of default against XTM; (2) dismissing XTM's counterclaims with prejudice; (3) vacating its March 25, 2026 Order directing Giagrande to produce certain discovery (Dkt. No. 59); and (4) permitting Giagrande to move for default against XTM.

Dated: April 23, 2026
      New York, New York

**WIGDOR LLP**

By: _____
      Valdi Licul
      Brooke Payton

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
bpayton@wigdorlaw.com

*Counsel for Plaintiff*

---

[2] To be clear, Giagrande is prepared to produce documents in compliance with this Court's order.  He cannot, however, produce documents to non-existence counsel.  Moreover, the documents include sensitive business information that the parties have agreed to keep confidential.