**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

JASON GIAGRANDE,                                 :
                                                 :
                            Plaintiff,           :
                                                 :      Case No.: 1:24-cv-07325 (MKV)
              v.                                 :
                                                 :      **DECLARATION OF VALDI LICUL**
XTM, INC.,                                       :      **IN SUPPORT OF PLAINTIFF'S**
                                                 :      **REQUEST FOR CLERK'S**
                            Defendant.           :      **CERTIFICATE OF DEFAULT**
                                                 :
------------------------------------------------------------X

I, **Valdi Licul**, pursuant to 28 U.S.C. § 1746, declare and state as follows:

1.      I am a Partner at the law firm Wigdor LLP and counsel for Plaintiff Jason Giagrande ("Giagrande").

2.      I have personal knowledge of the facts set forth herein and submit this declaration in support of Plaintiff's Request for Clerk's Certificate of Default.

3.      On September 27, 2024, and as amended on March 17, 2025, Giagrande sued his former employer, Defendant XTM Inc. ("XTM"), for breach of contract, several torts related to unpaid wages, and violations of the New York Labor Law.  Dkt Nos. 1 and 13.

4.      XTM was served on December 16, 2024, and an affidavit of service was filed on December 19, 2024.  Dkt. No. 8.

5.      XTM appeared through counsel Seyfarth Shaw LLP and filed several counterclaims against Giagrande.  Dkt. No. 13.

6.      On March 4, 2026, XTM alerted the Court that it had filed an application for bankruptcy in Canada.  Dkt. No. 54.

1

7. The Court ruled that, in order for the Canadian bankruptcy to stay this action, then XTM would need to file a proceeding under Chapter 15 of the U.S. Bankruptcy Code. Dkt. No. 57.

8. Instead of doing that, XTM's current counsel, The Siegel Law Firm ("TSLF"), moved to withdraw because XTM had "directed that [TSLF] stop work on the defense of this matter." Dkt. Nos. 62-64.

9. Moreover, TSLF stated that XTM "no longer wishe[d] to defend this action or have [its counsel] perform any additional work." Dkt. No. 64.

10. On April 29, 2026, the Court issued an order putting XTM on notice, un no uncertain terms, of the consequences of proceeding without counsel. Dkt. No. 67.

11. The Court gave XTM until June 8, 2026 to secure new counsel in this case and granted TSLF's motion to withdraw. Dkt. Nos. 67 and 69.

12. XTM is a corporation and cannot proceed without counsel.

13. XTM is further not an infant or incompetent person and is not in the military service.

14. The deadline for XTM to secure new counsel has passed, and no new appearances have been filed.

15. I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 12, 2026
      New York, New York          By: _____
                                        Valdi Licul

2